# EXHIBIT "E"

{00222328;v1}



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABINGTON TOWNSHIP<br>1176 Old York Road<br>Abington, PA 19001<br><br>Plaintiff,<br><br>v.<br><br>CROWN CASTLE NG EAST LLC<br>131-05 14th Avenue<br>College Point, NY 11356<br><br>Defendant. | C. A. No.: 2:16-CV-05357-JP |



OCT 24 2016



## AMENDED NOTICE OF REMOVAL

To: Clerk of the Court
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441(a) and (b) and 28 U.S.C. §§ 1331 and 1332, Defendant, Crown Castle NG East LLC ("Crown Castle"), by and through its undersigned attorneys, hereby files this Amended Notice of Removal of the action entitled *Abington Township v. Crown Castle NG East LLC*, C.A. No. 16-23932 (the "Action") from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Amended Notice of Removal ("Amended Notice"), Crown Castle states as follows:

1. On October 5, 2016, Plaintiff Abington Township ("the Township"), commenced the Action in the Montgomery County Court of Common Pleas against Crown Castle, by filing a Complaint.

2. Crown Castle accepted service of the Complaint on October 7, 2016. A copy of the Complaint is attached hereto as Exhibit A.

3. The Complaint sought to assert the Township's right to impose local zoning ordinances on telecommunications infrastructure projects and upgrades that were being undertaken or planned by Crown Castle. In particular, the Township sought injunctive relief requiring Crown Castle to "cease and desist from installing cellular nodes on telephone poles or installing telephone poles for the purpose of installing the above-referenced poles, antennas, and/or nodes in the Township without first complying with any and all applicable Township code relative to the same."

4. On October 5, 2016, the Township filed a Petition for Preliminary Injunction. A copy of the Petition for Preliminary Injunction is attached hereto as Exhibit B. Also on that date, the Township was granted a Temporary Restraining Order against Crown Castle, prohibiting Crown Castle from "constructing, installing, operating, maintaining and/or locating in the Township of cellular poles, antennas, and/or 'nodes' as defined in the Township's Complaint." A copy of the Temporary Restraining Order is attached hereto as Exhibit C.

5. On October 7, 2016, after a short hearing in which Crown Castle presented no evidence and preserved its right to remove the Action to this Court, the Court of Common Pleas of Montgomery County entered an order establishing a briefing schedule in connection with the Petition for Preliminary Injunction. A copy of the October 7 Order is attached hereto as Exhibit D.

6. On October 14, 2016, Crown Castle removed the Action to this Court.

7. Copies of all process, pleadings and orders that have been served upon Crown Castle are attached hereto pursuant to 28 U.S.C. § 1446(a).

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that federal District Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and is between ... (1) citizens of different states."

9. As set forth in Paragraph 1 of the Complaint, Plaintiff is a citizen of Pennsylvania for diversity purposes.

10. Defendant Crown Castle is limited liability company organized under Delaware law. The sole member of Crown Castle NG East LLC is Crown Castle NG Networks LLC, which is a Delaware limited liability company.

11. The sole member of Crown Castle NG Networks LLC is Crown Castle Solutions LLC, which is also a Delaware limited liability company. Crown Castle Solutions LLC is wholly owned by Crown Castle Operating Company, which is incorporated under the laws of the State of Delaware.

12. Crown Castle Operating Company is wholly owned by Crown Castle International Corp. Both Crown Castle International Corp. and Crown Castle Operating Company are incorporated under the laws of the State of Delaware, and have a principal place of business in Texas.

13. Therefore, there is complete diversity of citizenship in this case because Plaintiff is a citizen of Pennsylvania, while Crown Castle's states of citizenship for diversity purposes are Texas and Delaware.

14. The amount in controversy in the Action exceeds $75,000, exclusive of interests and costs. Although the Township's Complaint seeks only injunctive relief, the value of the object of the litigation is in excess of $75,000. *See Columbia Gas Transmission Corp. v.*

3

*Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (in cases seeking injunctive or declaratory relief, the amount in controversy is determined by "the value of the object of the litigation.")

15. Here, the object of the litigation is the Township's intent to apply its local zoning ordinances and fee requirements to equipment and infrastructure that Crown Castle installs and leases within the Township for use in wireless telecommunications networks. The Township, in its Complaint, alleges, among other things, that Crown Castle is required to obtain licenses and franchises, and pay registration fees, for all of its telecommunications equipment to be installed or upgraded in the Township.

16. According to the Township's published schedule of telecommunications fees, the license, registration and franchise fees that the Township seeks to impose on Crown Castle are well in excess of $75,000. Specifically, the Township's Telecommunications Code (Exhibit B to the Complaint), includes a schedule of fees indicating that Crown Castle could be subject to license and/or franchise fees of $12,000 to $24,000 per each specific piece of infrastructure, per year. *See* Complaint, Exhibit B, p. 24-25 (Art. VII, § 154-69).

17. By way of only one example, the Township's Telecommunications Code imposes "an annual fee of $12,000" to be paid quarterly installments "[f]or wireless telecommunications antennas installed on public property on existing structures or buildings." *See, e.g.* Complaint, Exhibit B, p. 25 (Art. VII, § 154-69((B)(5)).

18. Crown Castle is currently seeking to upgrade two installations in Abington Township, and has approached the Township regarding possible new installations at

approximately twenty (20) sites. Thus, at a minimum, the Township is seeking to charge Crown Castle fees that exceed $75,000.[1]

19. Moreover, if the Township were to prevail in this matter, any ruling in the Township's favor would set a precedent that the Township could apply to other telecommunications companies with equipment installations in the Township.

20. Therefore, the value of the object of this lawsuit, viewed from the Plaintiff's standpoint, is well in excess of $75,000. Based on the applicable standards and the allegations set forth in the Complaint and in this Amended Notice, the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

21. In addition to subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), this Court also has federal question jurisdiction over this matter under 28 U.S.C. § 1331.

22. The Township's Complaint specifically pleaded the applicability of the Federal Telecommunications Act, 47 U.S.C. § 332 ("TCA"), alleging that the TCA permits the application of the Township's local zoning ordinances to wireless equipment such as the ones Crown Castle provides. *See* Complaint, ¶ 5.

23. These allegations will require this Court to determine the applicability of the TCA in light of recent amendments to the Spectrum Act, 47 U.S.C. § 1455(a)(1), and applicable case law which prohibits local governments from denying, and requires them to approve, "a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of the tower base." 47 U.S.C. § 1455(a)(1); *see also Montgomery County,*

---

[1] The fees that the Township seeks to impose could be significantly greater under Art. VII of the Telecommunications Code. *See* Complaint, Exhibit B, p. 25 (§ 154-69(B)(6) imposing a fee of $24,000 for "[f]or wireless telecommunications antennas installed on public property utilizing new base structures or tower mounts" which fee would be per installation per year or § 154-69((C)(6) for franchise fees).

*Maryland v. FCC*, 811 F.3d 121, 124 (4th Cir. 2015) (noting that the provisions of the Spectrum Act "forbid localities from exercising their zoning authority to deny providers' requests to modify wireless equipment, so long as the proposed modification does not substantially change the physical dimensions of the facility") (internal quotations omitted).

24. The application of both the TCA and the Spectrum Act were placed directly in issue in the Township's Complaint and the Township's ultimate right to relief will depend upon this Court's interpretation of those federal laws. *See, e.g., Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 636, 643, 122 S.Ct. 1753, 1755, 1758-9 (2002) (holding that "federal courts have jurisdiction under § 1331 where a petitioner's right to recover will be sustained if federal law is given one construction and will be defeated if given another"); *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 2366-8 (2005) (finding federal question jurisdiction where the meaning of a federal statute was in dispute and should be resolved in federal court); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986) ("a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law") (internal quotations omitted).

25. Therefore, based on the applicable standards and the allegations set forth in the Complaint and in this Amended Notice, the Court has original jurisdiction over this action under 28 U.S.C. § 1331.

26. The Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, where the Action is pending, is located within this Court's jurisdiction.

27. Crown Castle will file a copy of this Amended Notice with the Court of Common Pleas of Montgomery County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, for the reasons stated herein, Defendant Crown Castle East NG LLC, is entitled to and hereby does remove this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

Dated: October 24, 2016

*/s/ Gerald E. Burns*
Gerald E. Burns (Pa I.D. No. 59466)
Signature Validation Code: GB1303
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, Pennsylvania 19102
(215) 665-8700
*Attorneys for Defendant*
*Crown Castle NG East LLC*

## CERTIFICATE OF SERVICE

I, Gerald E. Burns, hereby certify that on this 24th day of October, 2016, a true and correct copy of the foregoing Amended Notice of Removal was served by email:

Michael P. Clarke, Esquire<br>
Noah Marlier, Esquire<br>
Seven Neshaminy Interplex<br>
Suite 200<br>
Trevose, PA 19053<br>
<br>
Attorneys for Plaintiff

FILED
OCT 24 2016
LUCY V. CHIN, Interim Clerk
By

/s/ Gerald E. Burns
Gerald E. Burns